J-S36045-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MACK DEBOIS, | : | |
| | : | |
| Appellant | : | No. 82 EDA 2021 |

Appeal from the PCRA Order Entered November 24, 2020
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004319-2018

BEFORE: LAZARUS, J., KING, J., AND COLINS, J.*:

JUDGMENT ORDER BY COLINS, J.:          **FILED DECEMBER 10, 2021**

Appellant, Mack Debois, appeals from the order entered November 24, 2020, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  With this appeal, Appellant's counsel has filed a motion to withdraw as counsel and an **Anders**[1] Brief.  Before counsel may withdraw under the PCRA, we must determine if counsel has complied with the technical requirements of **Turner** and **Finley**.

---

[1] **Anders v. California**, 386 U.S. 738 (1967).  Although counsel has filed an **Anders** brief, the proper mechanism when seeking to withdraw in PCRA proceedings is a **Turner**/**Finley** no-merit letter.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, because an **Anders** brief provides greater protection to a criminal appellant, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** no-merit letter.  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

*Retired Senior Judge assigned to the Superior Court.

Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a no-merit letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues were meritless. **Id.** The court then conducts its own independent review of the record to determine if the petition is meritless. **Id.** "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Our review of the record indicates that counsel did not serve a copy of the **Anders** brief and motion to withdraw on Appellant. Instead, the proofs of service attached to counsel's filings indicate service on the Commonwealth only. In addition, no proof of service was included with the no-merit letter appended to the motion to withdraw. Thus, counsel has not complied with the **Turner**/**Finley** notice requirements.

Accordingly, we deny counsel's motion to withdraw and direct counsel, within **ten** days of the filing date of this decision, to send a copy of the no-merit Letter, motion to withdraw, and **Anders** brief to Appellant with amended

- 2 -

certificates demonstrating proper service on Appellant and the Commonwealth.

Motion to withdraw as counsel denied. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2021